UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LANCE PERKINS,

                Petitioner,

        v.                          CAUSE NO.: 3:19-CV-581-RLM-MGG

WARDEN,

                Respondent.

OPINION AND ORDER

Lance Perkins, a prisoner without a lawyer, filed a habeas corpus petition challenging two related disciplinary proceedings at the Miami Correctional Facility (MCF 19-03-0407 & MCF 19-03-410), in which a disciplinary hearing officer found him guilty of possessing a cell phone and "fleeing or resisting" in violation of Indiana Department of Correction Offenses A-121 and B-235. Among other sanctions, he lost 180 days of earned-timed credits and received a credit-class demotion.

The charges were initiated on March 16, 2019, when Sergeant M. Cannon wrote a conduct report stating as follows:

> Tonight, 3/16/19 at approximately 6:55 pm I Sgt. Cannon was attempting to remove a cell phone from offender Spencer. While doing this offender Spencer was able to toss the phone toward offender Perkins, Lance, #243714 M335. I told offender Perkins twice not to touch the phone. Offender Perkins got the phone and took off with it to the 200 range bathroom. I followed telling him to stop multiple times. Offender Perkins broke the phone and tried to flush it. I was able to retrieve the phone from the toilet and when staff arrived offender Perkins [was] placed in restraints.

(ECF 8-1; ECF 8-12.) Mr. Perkins was charged with possessing a cell phone and "fleeing or resisting." (ECF 8-1; ECF 8-12.)

Mr. Perkins was formally notified of the charges and given a copy of the conduct report. He requested a lay advocate, and one was appointed for him. With respect to each charge, he asked for a witness statement from inmate Cody Beven and also requested "DVR" evidence. Statements were obtained from inmate Beven before the hearing. As to the cell phone charge, inmate Beven stated as follows: "When I came down the steps I saw Sgt. Cannon watching me so I dipped into the laundry the first person I saw was Spencer so I threw the cell phone at him Perkins nor Spencer had any knowledge of the cell phone." (ECF 8-3.) With respect to the fleeing charge, inmate Beven stated: "All he did was walk away Cannon never told him to stop." (ECF 8-14.) Mr. Perkins was notified that there was no surveillance video of the incident available.

A hearing was held on the charges. Mr. Perkins submitted a written statement addressing both his possession of the cell phone and the fleeing charge. He stated that he had "no knowledge" of the cell phone before this incident and simply caught it by instinct when it was thrown to him. He acknowledged that he "should have never left this area . . . I should have just stayed. I'm very sorry for that I panicked." (ECF 8-8.) He requested that the charge be reduced to a C-level offense such as disobeying an order or interfering with a staff member in the performance of his or her duties. The hearing officer found Mr. Perkins guilty. Based on the seriousness of the offense and Mr. Perkins's "attitude and demeanor during the hearing," she imposed an aggregate

sanction of 180 days lost earned-time credits, a demotion in credit class, and the temporary loss of privileges. Mr. Perkins's administrative appeals were denied.

When prisoners lose earned time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

Mr. Perkins's petition contains two claims. First he claims that he was denied "due process and [the] right to a fair hearing" because he wasn't given 24 hours notice and was "unable to plan proper defense"; because there was "[n]o record evidence, no pictures, no confiscation slip"; and because the hearing officer "refused video evidence" and "refused to consider [a] witness statement." (ECF 1 at 2.) Second, he claims that the hearing officer was "biased" because she "refused video evidence" and "refused to consider [a] witness statement." (*Id.*) The court understands Mr. Perkins to be challenging the notice he received, the denial of evidence, the sufficiency of the evidence supporting his guilt, and the hearing officer's impartiality.

As to the lack of proper notice, the record reflects that Mr. Perkins was formally notified of the charges on March 22, 2019. The hearing was held on April 8, 2019, a full two weeks later. Mr. Perkins was obviously aware of the underlying facts before the hearing, as he requested a statement from inmate Beven, who was also involved in the incident, and wrote out a detailed statement explaining in his own words what had happened and apologizing for his actions. He hasn't explained, nor can the court tell, how his right to prepare a defense was impaired. The record shows that he received the notice required by <u>Wolf v. McDonnell</u>, and he hasn't established a due process violation.

Mr. Perkins next claims that he was denied evidence because the hearing officer "refused video evidence" and "refused to consider [a] witness statement." (ECF 1 at 2.) Mr. Perkins had a right to request evidence in his defense. <u>Wolff v. McDonnell</u>, 418 U.S. at 566. He doesn't clearly articulate which witness statement he is referring to, but the record reflects that at the time of screening, he requested witness statements from inmate Beven and the DVR evidence from the prison surveillance system. There was no video evidence available, however, so the hearing officer can't be faulted for failing to consider video evidence. While prisoners have a right to submit relevant exculpatory evidence, they don't have the right to the creation of evidence that does not already exist. <u>Wolff v. McDonnell</u>, 418 U.S. at 556.

The record further reflects that statements were obtained from inmate Beven, who essentially stated that the cell phone was his and that Mr. Perkins did not have "knowledge" of the phone before these events. Inmate Beven further

acknowledged that Mr. Perkins left the area during this incident but claimed that Sergeant Cannon never told him to stop. It's not entirely clear from the record whether the hearing officer considered these statements, because she didn't check the box on the form to indicate that she considered "evidence from witnesses." (ECF 8-9 at 4; 8-17.) It appears this may have simply been a scrivener's error, because the statements were actually obtained and submitted. Nevertheless, any error in this regard was harmless, because inmate Beven's account didn't directly undercut the evidence that Mr. Perkins caught the phone when it was thrown to him, left the area, and tried to flush the phone down the toilet. *See* Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence); *see also* Piggie v. Cotton, 344 F.3d 674, 677 (7th Cir. 2003) (denial of evidence is considered harmless unless the evidence would have aided the inmate's defense). Indeed, Mr. Perkins admitted these facts in his own statement. The court finds no due process error in connection with the denial of evidence.[1]

Mr. Perkins also challenges the sufficiency of the evidence. To satisfy due process, there only needs to be "some evidence" to support the hearing officer's decision. Supt. v. Hill, 472 U.S. at 455.

> This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not

---

[1] Mr. Perkins might also be complaining that he wasn'tt given a copy of one or both of inmate Beven's statements until the date of the hearing. There is no federal due process requirement that a witness statement requested by the inmate be provided to him prior to the hearing. *See* Wolff v. McDonnell, 418 U.S. at 556. Nor has he identified any prejudice he suffered as a result of any delay. *See* Piggie v. Cotton, 344 F.3d at 677. That the statement might not have been given to him in accordance with the prison's internal deadlines wouldn't state a cognizable basis for granting federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).

> so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. . . . It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

Mr. Perkins doesn't deny that this incident occurred, and he doesn't make a clear argument in his petition about why he believes the evidence is insufficient, or exactly which charge he is challenging. However, it can be inferred from his statement submitted to the hearing officer that he thinks he wasn't guilty of fleeing because, by his account, Sergeant Cannon never told him to stop. The Indiana Department of Correction Adult Disciplinary Code defines the offense of "fleeing" as "[f]leeing or physical resisting a staff member in the performance of his/her duty." IDOC Adult Disciplinary Process, No. 02-04-101, App'x I (eff. June 4, 2018). It doesn't require proof of a direct order to stop. Additionally, the plain meaning of "flee" is to "run away," or to "hurry toward a place of security." *See Merriam-Webster Dictionary,* "Definition of *flee*," https://www.merriam-webster.com/dictionary/flee.   By Sergeant Cannon's account, he twice told Mr. Perkins "not to touch the phone," but Mr. Perkins nevertheless "got the phone and took off with it," and went to the bathroom to try to flush it down the toilet. (ECF 8-1.) Sergeant Cannon's account was that he told Mr. Perkins to stop multiple times. Mr. Perkins offers his own account which differs slightly from Sergeant Cannon's, but the hearing officer was entitled to credit the conduct report. McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999). This court can't reweigh the evidence to make its own determination of

guilt or innocence. <u>Webb v. Anderson</u>, 224 F.3d at 652. The evidence on this charge was constitutionally sufficient.

Mr. Perkins might also be challenging the sufficiency of the evidence on the cell phone charge. He doesn't make a clear argument on this point in his petition, but it can be inferred from his statement to the hearing officer that he doesn't think he should be punished for possession of the phone because it didn't belong to him. Under the Disciplinary Code, Offense A-121 is defined as "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." IDOC Adult Disciplinary Process, No. 02-04-101, App'x I. "Possession" is defined as being "[o]n one's person, in one's quarters, in one's locker or under one's physical control." <i>Id.</i>, § III(LL). The offense doesn't require proof of ownership; the question is whether Mr. Perkins exercised physical control over the phone. His own account shows that he did, as he admitted to catching the phone and leaving the area with it. To the extent he says there was insufficient evidence that the cell phone actually existed, his own statement and that of his witness belie such an argument. The court finds sufficient evidence to support the guilty finding.

Mr. Perkins also claims that he was denied an impartial decisionmaker. Prison adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." <u>Piggie v. Cotton</u>, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decisionmaker in the case. <i>Id.</i> Due process isn't violated simply because the

hearing officer knew the inmate, presided over an earlier disciplinary case, or had some limited involvement in the event underlying the charge. *Id.*

Nothing in the record indicates that the hearing officer was involved in any way in the events underlying the charge. Nevertheless, Mr. Perkins argues that the hearing officer was biased because she denied him evidence. The court found no due process error in connection with the denial of evidence. He might also be arguing that the hearing officer was biased because she found him guilty, but an adverse ruling doesn't establish improper bias. Liteky v. United States, 510 U.S. 540, 555 (1994). Constitutionally sufficient evidence in the record supported the hearing officer's guilty finding. Mr. Perkins hasn't overcome the presumption that the hearing officer was impartial.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment in this case.

SO ORDERED on August 10, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

8